Order Form (01/2005)

## United States District Court, Northern District of Illinois

H HW

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2916 | DATE | 05/30/2008 |
| CASE TITLE | Brian Perron (167203) v. City of Westmont | | |

**DOCKET ENTRY TEXT:**

Plaintiff Brian Perron's motion for leave to file his complaint *in forma pauperis* [3] is granted. However, the complaint is dismissed for failure to state a federal claim. The case is terminated. The court authorizes the trust fund officer at DuPage County Jail to deduct $2.35 from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund account officer at DuPage County Jail. This dismissal of plaintiff's complaint does not count as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for the appointment of counsel [4] is denied.

■ [For further details see text below.]

Docketing to mail notices.

### STATEMENT

    Plaintiff, Brian Perron, currently confined at the DuPage County Jail, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court against DuPage County, the DuPage County State's Attorney and an Assistant State's Attorney, and several Westmont and Clarendon Hills police detectives. Plaintiff alleges that he was falsely arrested and maliciously prosecuted in 2005 for allegedly writing a bad check for a computer.

    The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $2.35. The Court authorizes the supervisor of inmate trust accounts at the DuPage County Jail to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and the DuPage County Jail trust account office shall notify correctional authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

(CONTINUED)

isk

## STATEMENT

Although Plaintiff may proceed *in forma pauperis*, his complaint fails to raise a claim actionable in this court. Under 28 U.S.C. § 1915A, the Court is required to conduct a preliminary review of an inmate's complaint and dismiss the complaint, or any claim therein, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true and liberally construing his pro se complaint, the complaint fails to present a viable federal claim. Plaintiff's complaint asserts two claims: (1) police officers falsely arrested Plaintiff in 2005 for a check that would have cleared had it been presented to the bank a second time, and (2) the DuPage State's Attorney's office maliciously prosecuted Plaintiff for writing a bad check. Neither of these claims may proceed forward in this Court. It is clear from the face of Plaintiff's complaint that the false arrest claim is time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002) (although time-bar is an affirmative defense, it may be the grounds for a preliminary dismissal of a claim, if it is plain from the face of the complaint that the claim is untimely). Plaintiff states that the investigation prior to his arrest began on or before March of 2005. He states that he was arrested May 13, 2005. The false-arrest claim is thus untimely. *Wallace v. Kato*, 127 S. Ct. 1091, 1095-96 (2007); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (two-year limitations period controls § 1983 false arrest claims in Illinois, and the claim accrues at the time of the arrest or, even if liberally construed as a false imprisonment claim, at the time the plaintiff was arraigned or incarcerated pursuant to legal process). With respect to the malicious-prosecution claim, such a claim, by itself, is not actionable in federal court, given that Illinois allows a state tort action for malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001); *see also McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). Plaintiff may bring his malicious prosecution claim in state court.

Accordingly, Plaintiff's complaint fails to present a claim actionable in this Court, and the complaint is therefore dismissed. Plaintiff may seek to raise his claim of malicious prosecution in state court. Because Plaintiff simply brought his complaint in federal court, as opposed to state court, the Court does not issue a strike under 28 U.S.C. § 1915(g) for this dismissal. The dismissal of this case and this order in no way comment on the merits of Plaintiff's malicious prosecution claim.

Plaintiff may appeal this dismissal by filing a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must submit a motion for leave to appeal *in forma pauperis*, which should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate a "strike" under 28 U.S.C. § 1915(g). The accumulation of three strikes will prevent Plaintiff from filing a civil complaint or appeal without prepaying the filing fee, unless Plaintiff can demonstrate that he is imminent danger of serious bodily injury. § 1915(g).